UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause Nos.  1:00-cr-0034-SEB-MJD-02 |
| | ) | 1:00-cr-0084-LJM-DML-01 |
| JIMMY L. NAVE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 26, 2013, the Court conducted a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on March 1, 2013.  Defendant Jimmy L. Nave, Jr., appeared in person with his appointed counsel, William H. Dazey, Jr.  The government appeared by Joe H. Vaughn, Assistant United States Attorney.  U. S. Parole and Probation appeared by Troy A. Adamson, U. S. Parole and Probation officer.

The Court conducted the following procedures:

1. The Petition alleged the following violation of Nave's supervised release:

    **1. "The defendant shall not commit another federal, state, or local crime."**

    On February 16, 2013, the offender was arrested by Anderson, Indiana, police officers and charged with car-jacking and attempted kidnaping. According to the police report, the offender entered a vehicle belonging to an 81-year old woman and held a knife to her throat.  The offender is being held on a $35,000 bond in [the] Madison County Jail.

2. Nave  was advised of the nature of the violation alleged against him and acknowledged receipt of the notice of said allegation.

3. A copy of the Petition was provided to Nave and his counsel, who informed the Court they had read and understood the violation listed in the Petition and waived further reading thereof.

4. Nave was advised of his right to a preliminary hearing and its purpose pertaining to the specified violation of his supervised release alleged in the Petition.

5. Nave waived his right to a preliminary hearing and executed a written waiver of the preliminary hearing, which the Court accepted.

6. Nave stipulated that he had committed Violation Number 1 as set forth in the Petition.

7. The government then proffered the following facts that pertained to Violation Number 1 as set forth in the Petition:

   a. On February 22, 2013, Nave was charged by information in *State v. Jimmy Lee Nave, Jr.*, Cause No. 48C04-1302-FA-000409, in the Circuit Court of Madison County, Indiana, with the offenses of kidnapping and attempted car-jacking ("the state case");

   b. Nave was found guilty following a bench trial of the offense of kidnapping but was acquitted of the offense of attempted car jacking;

   c. On July 3, 2013, an Abstract of Judgment was entered in which Nave was sentenced to a period of 38 years' incarceration on the kidnapping charge, of which 35 years were executed and three years were suspended; and

   d. Nave is currently incarcerated in the Indiana Department of Corrections serving his executed sentence of 35 years.

Neither Nave nor his counsel objected to or contested these proffered facts.

8.      The Court placed Nave under oath and directly inquired of Nave whether he admitted the violation of his supervised release set forth above. Nave admitted to having committed the kidnapping offense in the state case and admitted the violation as set forth above as it related to the kidnapping charge (not car-jacking).

9.      Counsel for the parties further stipulated to the following:

    a. Violation 1 in the Petition is a Grade A violation, pursuant to U.S.S.G. § 7B1.1(a)(1);

    b. Nave has a criminal history category of I; and

    c. The advisory term of imprisonment upon revocation of Nave's supervised release is 24-30 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a)(p.s.).[1]

10.    The parties agreed that revocation of supervised release with a term of imprisonment of twenty four (24) months in Cause No. 1:00-cr-0034 and Cause No. 1:00-cr-0084 to run concurrent with one another and consecutive to the executed sentence of 35 years' incarceration Nave is currently serving in the state case, with no federal supervised release to follow, was the appropriate disposition of these causes.

11.    The government and Nave each declined to address the Court regarding allocution. Nave's counsel advocated for imposition of the sentence of 24 months' incarceration predicated on the fact that Nave will have been incarcerated for a period of

---

[1] As stated by Nave's counsel and expounded upon herein, the maximum sentence upon revocation of supervised release in Cause No. 1:00-cr-0034, in which Nave was convicted of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314-a Class C felony, is a period of 24 months' incarceration. 18 U.S.C. § 3583(e)(3). The maximum sentence upon revocation of supervised release in Cause No. 1:00-cr-0084 in which Nave was convicted of armed robbery of a credit union, in violation of 18 U.S.C. § 2113(a) and (d), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)-a Class A felony, is a period of five (5) years' incarceration. 18 U.S.C. § 3583(e)(3).

3

approximately 17 years on the state case before he commences service of his sentence in these two federal cases.

The Court, having heard the admission of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** a basis for defendant Jimmy L. Nave Jr.'s admission to having violated the condition of his supervised release described above and **FURTHER FINDS** that the defendant, Jimmy L. Nave, Jr., violated the above-delineated condition in the Petition.

The Court **FURTHER FINDS** that a sentence of 24 months' incarceration is sufficient but not greater than necessary to reflect the seriousness of the kidnapping offense and afford adequate deterrence to criminal conduct and accomplishes the goals of sentencing set forth in 18 U.S.C. § 3553(a).

The Magistrate Judge recommends that Nave's supervised release be **REVOKED** and that he be sentenced to the custody of the Attorney General or his designee for a period of twenty four (24) months in Cause No. 1:00-cr-0034 and Cause No. 1:00-cr-0084 (with no supervised release to follow) to run concurrent with one another and consecutive to the executed sentence of 35 years' incarceration Nave is currently serving in the state case.

The Magistrate Judge requests that Troy A. Adamson, U. S. Parole and Probation Officer, prepare for submission to United States District Judge Sarah Evans Barker, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.  The parties waived the right to serve and file written objections to the

proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Nave's supervised release and imposing a sentence of twenty four (24) months in Cause No. 1:00-cr-0034 and Cause No. 1:00-cr-0084 (with no supervised release to follow) to run concurrent with one another and consecutive to the executed sentence of 35 years' incarceration Nave is currently serving upon his conviction in *State v. Jimmy Lee Nave, Jr.*, Cause No. 48C04-1302-FA-000409, in the Circuit Court of Madison County, Indiana.

**IT IS SO RECOMMENDED** this 27th day of September, 2013.

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joe H. Vaughn
Assistant United States Attorney
joe.vaughn@usdoj.gov

William H. Dazey, Jr.
Indiana Community Federal Defender
bill_dazey@fd.org

U. S. Parole and Probation

U.S. Marshal